## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* LOUIS D'ARGENCOUR, APPELLANT.

*Forgery in the second degree — the indictment must allege an intent to defraud — Penal Code, sec. 511 — incorporation of a foreign bank — how it may be proved on the trial of an indictment for forging its notes — the court will take judicial notice of the legal relations existing between foreign countries.*

An indictment for forgery in the second degree, under section 511 of the Penal Code, must allege that the acts were committed with an intent to defraud.

Where the indictment does not contain this allegation, the objection must be taken by a motion in arrest of judgment made, as prescribed in section 469 of the Code of Criminal Procedure, either before or at the time when the defendant is called for judgment.

Upon the trial of one indicted for forging bank notes, in the form and similitude of those issued by a bank situate in and incorporated under the laws of a foreign country, the law under which the bank was incorporated need not be produced or proved upon the trial. The incorporation of the bank can be proved for the purposes of such a trial by a witness who knows the fact, or even by general reputation.

The court will take judicial notice of the fact that the island of Cuba is a dependency of the kingdom of Spain, and subject to its government.

APPEAL from a judgment of the Court of General Sessions convicting the defendant of the crime of forgery in the second degree.

*John H. McKinley*, for the appellant.

*John Vincent*, assistant district attorney, for the people.

DANIELS, J.:

The conviction took place on the first count contained in the indictment. That was in the following form : The grand jury of the city and county of New York, by this indictment accuse Louis D' Argencour of the crime of forgery in the second degree, committed as follows : The said Louis D' Argencour, late of the city and county of New York, on the twenty-eighth day of September, in the year of our Lord one thousand eight hundred and eighty-two, at the city and county aforesaid, with force and arms feloniously made and engraved, and caused and procured to be made and engraved, a plate in the form and similitude of a promissory note issued by El Banco Espanol de la Habana, for the payment of fifty centavos, the said El Banco Espanol de la Habana being a bank incorporated under the laws of a foreign country, to wit, under the laws of the kingdom of Spain, without the authority of the said bank, against the form of the statute in such case made and provided, and against the peace of the people of the State of New York and their dignity.

And in support of the appeal it has been objected that this count was substantially defective because of the omission to aver an intent to defraud. As the statute was framed under which the indictment was found an averment of this intent seems to have been essential, for the acts charged only constitute an offense when they have been committed with the intent to defraud. (Penal Code, § 511.) This section declares these acts to be a crime only when they have been committed with the intent to defraud. And that intent may, by subdivision 5, section 718, be averred in general terms without alleging an intent to defraud any particular person, but it clearly contemplates the necessity of such an averment. Without it the indictment was probably defective, and on account of that defect a motion might have been made in arrest of judgment. (Code Crim. Pro., §§ 467 and 323, sub. 4.) But if it was designed to take advantage of this defect, section 469 of the Code of Criminal Procedure required the motion to be made for that purpose before or at the time when the defendant was called for judgment. No motion was then made on that ground in the case. A motion in arrest of judgment and for a new trial was made, but it was confined to the exceptions taken at the trial and to the judge's charge, and

did not, therefore, include this defect. The defendant, consequently, by his own act, deprived himself of the right afterwards to complain that the indictment was defective for want of an averment of an intent to defraud.

The law by which the bank mentioned in this count of the indictment had been incorporated was neither produced nor proved upon the trial, and on account of that omission a motion was made for the acquittal of the defendant. But it was not necessary that the law should be produced to prove the fact that the bank had probably been incorporated. This point was considered in *People* v. *Davis* (21 Wend., 309), where it was concluded that the most general evidence of the incorporation of a foreign bank would be sufficient upon the trial of an indictment of this description. The same point was also considered in *Sasser* v. *State* (13 Ohio [Stanton], 453), and in *Reed* v. *State* (15 Ohio [Griswold], 217), where the same doctrine was also affirmed. And it was held that the incorporation of the bank could legally be proved for the purposes of the trial by a witness who might know the fact, or indeed even by general reputation.

This fact was proved in this manner by the witnesses Ceballos, who had been in the bank at Cuba, and testified to the fact of its existence, the issuing of bills by it which were received and circulated as money, and that it was an incorporated institution, and by McDonough, who was an engraver connected with the American Bank Note Company, which had engraved the plates from which the notes were printed, and which plates were then in the vaults of the American Bank Note Company. The testimony given by these two witnesses was ample for the submission of the point to the jury whether such a bank as was mentioned in the indictment existed and did business as a corporation at Havana, in the island of Cuba.

That this bank issued notes of the same description as the plate found in the defendant's possession, was also proved by the production of such notes and the testimony of these witnesses. The plate was not entirely complete, but sufficiently so to render it certain that it was designed to be used in printing notes of the description of those issued and circulated by the bank. The description given of it by the witness Drummond fully established that to be the character of the plate. It was not entirely

completed, but as far as that had been done it bore unmistakable evidence that it was intended to be used in printing these notes.

The circumstances which were proved in the case very satisfactorily connected the defendant with the manufacture and production of the plate. The plate itself, as well as the tools and implements which were traced to his possession with a reasonable degree of probability, indicated that he was engaged in this business, and the evidence of his own witness, Seberce, confirmed this conclusion, for he endeavored to show by him that he had been in fact employed by some stranger to manufacture the plate upon the assurance that he was an agent of the Cuban government. This interview may have taken place without exonerating the defendant from the con-sequences of his act, for he could have had no good reason to suppose that in the performance of such a service it was intended for anything else than to defraud the public or the bank by means of the manufacture and circulation of spurious currency.

The evidence did disclose the fact that the plate was made without the authority of the bank, for its own plates had been manufactured by the American Bank Note Company, which retained their possession. And there was not the slightest probability that the defendant would have been employed by it or under its authority to reproduce another sample of this plate.

That the island of Cuba is a dependency of the kingdom of Spain and subject to its government are facts generally accepted and known, and the court could, therefore, take judicial notice of their existence. It was not necessary that they should be proved, for courts will generally take notice of whatever ought to be known within the limits of their jurisdiction. (1 Greenleaf Ev. [7th ed.], § 6; *Smith* v. *N. Y. Central R. R. Co.*, 43 Barb., 225; *People* v. *Snyder*, 41 N. Y. 397.)

And that the court may act upon its own knowledge of the existence of foreign governments seems to be practically assumed in the enactment of the subdivision of section 511 of the Penal Code, upon which this indictment was presented. The case of *Sanabria* v. *People* (24 Hun, 270) is not an authority upon either of these points which can afford any support to this appeal. But so far as it goes it sustains the views upon which the trial took place.

Various exceptions were taken to the charge of the court, and to

its refusal to charge or repeat propositions which had been submitted but neither of them can be of the least assistance to the defendant. They, as well as the other points raised, were properly disposed of at the trial, and as the case was presented and determined no legal ground can be found for interfering with the result. The judgment should, therefore be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed. _____